```
                          United States Bankruptcy Court
                          Eastern District of New York
In re:                                                           Case No. 11-49920-jf
Brian Fisher                                                     Chapter 7
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0207-1        User: acruz              Page 1 of 2          Date Rcvd: Mar 07, 2012
                            Form ID: 262             Total Noticed: 14


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 09, 2012.
db           +Brian Fisher,    143 Mills Avenue,    Apt 2F,    Staten Island, NY 10305-4523
smg          +NYC Department of Finance,    345 Adams Street, 3rd Floor,    Attn: Legal Affairs - Devora Cohn,
               Brooklyn, NY 11201-3719
smg          +NYS Department of Taxation & Finance,    Bankruptcy Unit,    PO Box 5300,    Albany, NY 12205-0300
smg          +NYS Unemployment Insurance,    Attn: Insolvency Unit,    Bldg. #12, Room 256,
               Albany, NY 12240-0001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          +E-mail/Text: ustpregion02.br.ecf@usdoj.gov Mar 07 2012 18:26:50     United States Trustee,
               Office of the United States Trustee,    271 Cadman Plaza East,    Brooklyn, NY 11201-1833
7471170      +EDI: BANKAMER2.COM Mar 07 2012 18:13:00     Bank Of America,    Po Box 17054,
               Wilmington, DE 19850-7054
7471169      +EDI: BANKAMER2.COM Mar 07 2012 18:13:00     Bank Of America,    Po Box 1598,
               Norfolk, VA 23501-1598
7471171      +EDI: CAUT.COM Mar 07 2012 18:13:00     Chase Auto,    Po Box 901076,    Ft Worth, TX 76101-2076
7471172      +EDI: CHASE.COM Mar 07 2012 18:13:00     Chase/best Buy,    Po Box 15298,
               Wilmington, DE 19850-5298
7471173       EDI: RMSC.COM Mar 07 2012 18:13:00     Gemb/ge Money Bank Low,    Po Box 103065,
               Roswell, GA 30076
7471174      +EDI: RMSC.COM Mar 07 2012 18:13:00     Gemb/pc Richard,    Po Box 981439,    El Paso, TX 79998-1439
7471175      +EDI: HFC.COM Mar 07 2012 18:13:00     Hsbc Bank,    Po Box 5253,    Carol Stream, IL 60197-5253
7471176      +EDI: SEARS.COM Mar 07 2012 18:13:00     Sears/cbna,    Po Box 6189,    Sioux Falls, SD 57117-6189
7471177      +EDI: TDBANKNORTH.COM Mar 07 2012 18:13:00     TD Bank NA,    P O Box 23072,
               Columbus, GA 31902-3072
                                                                                              TOTAL: 10

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Mar 09, 2012**                    **Signature:** _Joseph Speetjens_

```
District/off: 0207-1          User: acruz              Page 2 of 2             Date Rcvd: Mar 07, 2012
                              Form ID: 262             Total Noticed: 14
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 7, 2012 at the address(es) listed below:
          Gregory Messer    gremesser@aol.com,   lduc@aol.com,noblo@aol.com,gmesserpllc@aol.com,
           ;ny54@ecfcbis.com
          Kevin B Zazzera    on behalf of Debtor Brian Fisher kzazz007@yahoo.com
          United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
                                                                                                                                                                      TOTAL: 3

**Form BLdfnld7** (12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

---

IN RE:                                                                                                         CASE NO: 1–11–49920–jf

Brian Fisher
   aka Brian D Fisher
143 Mills Avenue
Apt 2F
Staten Island, NY 10305
  Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                                            CHAPTER: 7

   xxx–xx–4988

                   DEBTOR(s)

---

## DISCHARGE OF DEBTOR(s)
## ORDER OF FINAL DECREE

A petition under title 11, United States Code was filed by or against the Debtor(s) on November 28, 2011; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the debtor(s) is entitled to a discharge and the estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED**:

- The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

- Gregory Messer (Trustee) is discharged as trustee of the estate of the above–named debtor(s) and the bond is cancelled.

- The Chapter 7 case of the above–named debtor(s) is closed.


                                                  BY THE COURT

Dated: March 7, 2012                                                    s/ Jerome Feller
                                                       United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**Form BLdfnld7**(12/01/2007)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**